UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-1077 (CEJ) |
| | ) |
| 131,675 RENTABLE SQUARE FEET OF SPACE (114,500 ANSI BOMA OFFICES AREA (ABOA) USABLE SQUARE FEET OF SPACE, MORE OR LESS, TOGETHER WITH SUCH APPURTENANT PARKING AS IDENTIFIED IN THE EXISTING LEASE (TO-WIT: THIRTY-FIVE (35) COVERED PARKING SPACES AND ELEVEN (11) SURFACE PARKING SPACES), ALL LOCATED GENERALLY AT 400 SOUTH 18TH STREET, ST. LOUIS, MISSOURI, | ) |
| and | ) |
| GSA-VA ST. LOUIS PROPERTY, LLC, | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the United States' motion *in limine* to exclude evidence related to a "rental premium" due to the alleged uncertainty of leasehold term. Defendant has responded in opposition, and the issues are fully briefed.

On June 10, 2014, after the expiration of a long-term lease, plaintiff, the United States, filed a declaration of taking for the Veterans Benefits Administration to occupy the subject building in downtown St. Louis consisting of 131,675 rentable square feet of office space together with parking spaces. Defendant GSA-VA St. Louis Property, LLC is the lessor of the property. Plaintiff condemned a possessory

interest in the property for a fixed term of 33 months, commencing on June 11, 2014 and ending on March 10, 2017, with no option for further occupation. As an estimate of just compensation for the estate taken, plaintiff deposited $4,701,185.27 into the Court's registry on June 11, 2014. Prior to the expiration of the condemned leasehold in March 2017, the federal occupants of the subject building plan to move to the federally owned Charles F. Prevedel Building in Overland, Missouri when renovations on that building are complete.

In response to the complaint in condemnation, defendant did not challenge the taking, but demanded a jury trial on the issue of just compensation. See Fed. R. Civ. P. 71.1(e). Contemporaneous to responding to defendant's motion to compel, plaintiff filed the instant motion *in limine* to exclude from trial all evidence or argument related to a "rental premium" in excess of fair market rental rates, including evidence related to the Prevedel Building, the potential move by the Veteran Benefits Administration from the subject property to the Prevedel Building, or the power of the United States to condemn additional periods of possession on the expiration of the instant condemnation. Plaintiff argues that such evidence or argument is inadmissible and irrelevant to any issue to be tried in this action.

Specifically, plaintiff takes issue with reports or depositions from four of defendant's experts, Kevin Bittmann, Richard Shepard, D. Lynn Whitt, and Edward Dinan, MAI. Mr. Bittman is a real estate broker who defendant anticipates will provide opinion testimony at trial regarding "[t]he impact on the market rental rate of provisions in a lease that (1) allows indefinite holdover after expiration of the lease term and (2) gives up the right to evict the tenant for holding over." Bittman 1-2 [Doc. #57-2]. Mr. Shepard, a real estate consultant, prepared a report for

defendant opining on the uncertainty of the completion date for renovations on and funding for the Prevedel Building.  Shepard 2-5 [Doc. #57-3].  Mr. Whitt also provided a report, opining that 33 months was inadequate for the government's renovation plans for the Prevedel Building given his belief that Congress had not yet approved funding for the project.  Whitt 655-61 [Doc. #57-5].  Mr. Dinan, a real estate appraiser, provided to defendant his estimate of fair market rental for the property taken.  Based on the alleged uncertain status of funding and renovation plans for the Prevedel Building, Mr. Dinan included a "rental premium" in his estimate of the value.  Dinan 87-92 [Doc. #57-6].[1]

The parties' arguments regarding the relevance of the evidence in dispute here are the same as those presented in the briefing on defendant's motion to compel discovery.  Defendant contends it is entitled to an uncertain rental premium based on the effect the risk of a future taking in the absence of a holdover provision has on its ability to rent or market the building space to a new commercial tenant.  Plaintiff asserts that the measure of compensation for a fixed, temporary leasehold is the market rent for the occupied premises for the term specified, excluding any consequential losses or other penalty for the government's condemnation power.  For the same reasons discussed in the order denying defendant's motion to compel, the Court concludes that any evidence related to the Prevedel Building or the government's power to condemn additional periods of possession is irrelevant to the issue of just compensation and should be excluded from trial.

---

[1] In contrast to defendant's contentions, Congress fully approved funding for the Prevedel Building renovations from Fiscal Year 2014 appropriations on April 3, 2014, in advance of plaintiff's taking of the subject property on June 10, 2014.  See Pl.'s Exs. 8-14 [Doc. ##57-8-15].  Congressional approval of the funding was publicly available information prior to the taking.  See Pl.'s Exs. 17-19 [Doc. ##57-18-20].

The argument to exclude this evidence is even stronger here because of the district court's role as a gatekeeper in condemnation cases set for jury trial on the issue of just compensation. See Fed. R. Civ. P. 71.1(h). As explained by the Eighth Circuit, "[i]n trying a case of this kind, a federal district judge is under an independent obligation, at least to a reasonable extent, to see to it that the landowner's claim is submitted to the jury on competent evidence, and with the jury being given proper legal guidelines for decision." United States v. 91.90 Acres of Land, 586 F.2d 79, 90 (8th Cir. 1978) (remanding the case to the district court for a new trial because the jury was exposed to impermissible consequential damages evidence).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion *in limine* [Doc. #57] is **granted.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 27th day of July, 2015.